FILED
JANUARY 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:07-cv-06624   Document 6   Filed 01/22/2008   Page 1 of 5

RECEIVED
NOVEMBER 21, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDITH SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO.    07 C 6624 |
| | ) |
| CHILDSERV, INC. | ) JURY DEMANDED |
| | ) JUDGE KENNELLY |
| | ) MAGISTRATE JUDGE KEYS |
| Defendant. | ) |

## COMPLAINT

This action is brought to redress age discrimination by Defendant ChildServ, Inc. against Plaintiff Edith Simmons stemming from the termination of her employment with defendant. Plaintiff brings this action under the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 621 et. seq.

### JURISDICTION, VENUE AND PROCEDURAL PREREQUISITES TO SUIT

1. This Court has jurisdiction over this action against ChildServ, Inc. pursuant to 28 U.S.C. §§ 1331 and 1343 and 29 U.S.C. § 626.

2. Plaintiff has satisfied the ADEA's procedural prerequisites to suit by filing a charge with the Equal Employment Opportunity Commission and by bringing this action within 90 days of receipt from the EEOC of Notice of Right to Sue (attached hereto as Exhibit A).

3. Venue is proper in this district pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to the claims in this action took place in the Northern District of Illinois.

## JURY DEMAND

4. Plaintiff demands a trial by jury on each and every claim to which she is so entitled.

## PARTIES

5. At all times relevant to this action, plaintiff Edith Simmons was an employee of defendant ChildServInc. and a resident of the Northern District of Illinois.

6 Defendant ChildServ, Inc. is an Illinois corporation which conducts business in the Northern District of Illinois. At all times relevant to this Complaint, ChildServ has had more than 20 employees and has been an employer within the meaning of 29 U.S.C. § 630.

## FACTS

7. Ms. Simmons began working as a teacher at the St. Matthew Head Start/DayCare Center ("the Center") in Chicago in 1983.

8. In 2001, defendant ChildServ assumed management of the Center and Ms. Simmons became an employee of ChildServ.

9. Ms. Simmons performed her teaching duties with a high level of skill and devotion for 23 years and was widely loved by her students, their parents, and her colleagues.

10. On or about November 13, 2006, ChildServ terminated Ms. Simmons's employment for the stated reason that it was "restructuring".

11. Ms. Simmons was 73 years old at the time of her termination.

12. Ms. Simmons was fully capable of performing her duties as a classroom teacher at the time of her termination.

13. ChildServ owns or manages a number of daycare, early childhood education, and similar programs in the Chicagoland area.

14. ChildServ did not offer to allow Ms. Simmons to transfer to another program it managed and did not offer to allow Ms. Simmons to become an assistant teacher at the Center, in lieu of terminating her employment.

15. At the time that Ms. Simmons was terminated, ChildServ retained in employment at the Center teachers who were substantially younger than Ms. Simmons and had less seniority and experience than her.

16. ChildServ also retained in employment at the Center assistant teachers who were substantially younger than Ms. Simmons and had less seniority and experience than her.

17. ChildServ also retained at the other facilities it owned and managed employees who filled positions similar to the position held by Ms. Simmons and who were substantially younger than her and less qualified than her.

## CAUSE OF ACTION

18. ChildServ decided to terminate Ms. Simmon's employment due to her age.

19. Ms. Simmons was devastated by being deprived of the work which gave her great personal and professional satisfaction. She derived much joy from being able to serve her community by assisting in the development of young children.

20. As a result of the age discrimination to which Ms. Simmons was subjected, she suffered humiliation, embarrassment, and severe emotional distress, as well as loss of employment.

21. ChildServ's discriminatory actions toward Ms. Simmons were willful.

**WHEREFORE,** plaintiff Edith Simmons prays that this Court enter judgment in her favor and against ChildServ and:

A. Award plaintiff lost wages and lost benefits of employment;

B. Order that plaintiff be reinstated, or, if reinstatement is not feasible, award her future lost wages;

C. Award plaintiff an additional amount equal to the amount of past and future lost wages, as liquidated damages;

D. Award plaintiff pre-judgment interest;

E. Award plaintiff her costs of litigation, including any expert witness costs;

F. Grant such other relief as may be proper.

_____
One of Plaintiff's Attorneys

TIMOTHY HUIZENGA
JENNA KLATELL
LEGAL ASSISTANCE FOUNDATION
 OF METROPOLITAN CHICAGO
111 W. JACKSON, 3RD FLOOR
CHICAGO, ILLINOIS 60604
(312) 347-8377

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| | | | |
|---|---|---|---|
| To: | **Edith Simmons**<br>750 N Dearborn #602<br>Chicago, IL 60610 | From: | **Chicago District Office**<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL *(29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2007-00322 | **Armernola P. Smith,**<br>**State & Local Coordinator** | (312) 886-5973 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  05 Nov 2007
John P. Rowe,                     *(Date Mailed)*
**District Director**

Enclosures(s)

cc: **CHILDSERV DBA ST MATTHEW**
1000 N Orleans
Chicago, IL 60610