## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILINOIS
## EASTERN DIVISION

| | |
|---|---|
| EDITH SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case Number 07 CV 6624** |
| ) | |
| ) | **District Judge Matthew F. Kennelly** |
| CHILDSERV, INC., ) | **Magistrate Judge Arlander Keys** |
| ) | |
| Defendant. ) | |

### DEFENDANT CHILDSERV'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

The Defendant ChildServ ("ChildServ"), an Illinois not-for-profit corporation, by counsel Nicholas Anaclerio and Ungaretti & Harris, LLP, submits this Answer and these Affirmative Defenses to the Plaintiff Edith Simmons' Complaint (the "Complaint").

### ANSWER

### JURISDICTION, VENUE AND
### PROCEDURAL PREREQUISITES TO SUIT

#### Complaint ¶ 1

This Court has jurisdiction over this action against ChildServ, Inc. pursuant to 28 U.S.C. §§ 1331 and 1343 and 29 U.S.C. § 626.

#### Answer ¶ 1

ChildServ admits the allegations of paragraph 1 of the Complaint.

#### Complaint ¶ 2

Plaintiff has satisfied the ADEA's procedural prerequisites to suit by filing a charge with the Equal Employment Opportunity Commission and by bringing this action within 90 days of receipt from the EEOC of Notice of Right to Sue (attached hereto as Exhibit A).

## Answer ¶ 2

ChildServ admits the allegations of paragraph 2 of the Complaint.

## Complaint ¶ 3

Venue is proper in this district pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to the claims in this action took place in the Northern District of Illinois.

## Answer ¶ 3

ChildServ admits the allegations of paragraph 3 of the Complaint.

## JURY DEMAND

## Complaint ¶ 4

Plaintiff demands a trial by jury on each and every claim to which she is so entitled.

## Answer ¶ 4

ChildServ acknowledges the allegation of paragraph 4 of the Complaint that Plaintiff demands a trial by jury on each and every claim to which she is so entitled but denies Plaintiff has or will have any entitlement to a trial by jury on any claim she has asserted herein.

## PARTIES

## Complaint ¶ 5

At all times relevant to this action, plaintiff Edith Simmons was an employee of defendant ChildServInc. [sic] and a resident of the Northern District of Illinois.

## Answer ¶ 5

ChildServ admits the allegations of paragraph 5 of the Complaint.

## Complaint ¶ 6

Defendant ChildServ, Inc. is an Illinois corporation which conducts business in the Northern District of Illinois. At all times relevant to this Complaint, ChildServ has had more than 20 employees and has been an employer within the meaning of 29 U.S.C. § 630.

## Answer ¶ 6

ChildServ admits the allegations of paragraph 6 of the Complaint.

## FACTS

## Complaint ¶ 7

Ms. Simmons began working as a teacher at the St. Matthew Head Start/DayCare Center ("the Center") in Chicago in 1983.

## Answer ¶ 7

ChildServ admits the allegations of paragraph 7 of the Complaint.

## Complaint ¶ 8

In 2001, defendant ChildServ assumed management of the Center and Ms. Simmons became an employee of ChildServ.

## Answer ¶ 8

ChildServ admits the allegations of paragraph 8 of the Complaint.

## Complaint ¶ 9

Ms. Simmons performed her teaching duties with a high level of skill and devotion for 23 years and was widely loved by her students, their parents, and her colleagues.

### Answer ¶ 9

ChildServ admits the allegation of paragraph 9 of the Complaint that Plaintiff performed teaching duties for 23 years, but denies the remaining allegations of paragraph 9 of the Complaint and demands strict proof thereof.

### Complaint ¶ 10

On or about November 13, 2006, ChildServ terminated Ms. Simmons's employment for the stated reason that it was "restructuring".

### Answer ¶ 10

ChildServ admits the allegations of paragraph 10 of the Complaint that due to re-structuring of its programs it terminated Plaintiff's employment with it.  Further answering, ChildServ denies the remaining allegations of paragraph 10 of the Complaint, and affirmatively states that through correspondence dated November 13, 2006 it gave Plaintiff notice that her last date of ChildServ employment would be Wednesday, November 15, 2006.

### Complaint ¶ 11

Ms. Simmons was 73 years old at the time of her termination.

### Answer ¶ 11

ChildServ admits the allegations of paragraph 11 of the Complaint.

### Complaint ¶ 12

Ms. Simmons was fully capable of performing her duties as a classroom teacher at the time of her termination.

### Answer ¶ 12

ChildServ admits the allegations of paragraph 12 of the Complaint.

1054733-1

## Complaint ¶ 13

ChildServ owns or manages a number of daycare, early childhood education, and similar programs in the Chicagoland area.

## Answer ¶ 13

ChildServ denies the allegations of paragraph 13 of the Complaint.

## Complaint ¶ 14

ChildServ did not offer to allow Ms. Simmons to transfer to another program it managed and did not offer to allow Ms. Simmons to become an assistant teacher at the Center, in lieu of terminating her employment.

## Answer ¶ 14

ChildServ admits the allegation of paragraph 14 of the Complaint that it did not offer to transfer Plaintiff to another program it managed, but denies the remaining allegations of paragraph 14 of the Complaint.

## Complaint ¶ 15

At the time that Ms. Simmons was terminated, ChildServ retained in employment at the Center teachers who were substantially younger than Ms. Simmons and had less seniority and experience than her.

## Answer ¶ 15

ChildServ admits the allegations of paragraph 15 of the Complaint that at the time it terminated Plaintiff's employment at the Center it retained in its employ teachers who were younger than Plaintiff, but denies the remaining allegations of paragraph 15 of the Complaint.

1054733-1

### Complaint ¶ 16

ChildServ also retained in employment at the Center assistant teachers who were substantially younger than Ms. Simmons and had less seniority and experience than her.

### Answer ¶ 16

ChildServ admits the allegations of paragraph 16 of the Complaint that it retained in its employment at the Center assistant teachers who were younger than Plaintiff but denies the remaining allegations of paragraph 16 of the Complaint.

### Complaint ¶ 17

ChildServ also retained at the other facilities it owned and managed employees who filled positions similar to the position held by Ms. Simmons and who were substantially younger than her and less qualified than her.

### Answer ¶ 17

ChildServ denies the allegations of paragraph 17 of the Complaint.

### CAUSE OF ACTION

### Complaint ¶ 18

ChildServ decided to terminate Ms. Simmon's [sic] employment due to her age.

### Answer ¶ 18

ChildServ denies the allegations of paragraph 18 of the Complaint.

### Complaint ¶ 19

Ms. Simmons was devastated by being deprived of the work which gave her great personal and professional satisfaction.  She derived much joy from being able to serve her community by assisting in the development of young children.

### Answer ¶ 19

ChildServ has no knowledge sufficient to form a belief regarding the truth or falsity of the allegations of paragraph 19 of the Complaint, and therefore denies the same and demands strict proof thereof.

### Complaint ¶ 20

As a result of the age discrimination to which Ms. Simmons was subjected, she suffered humiliation, embarrassment, and severe emotional distress, as well as loss of employment.

### Answer ¶ 20

ChildServ denies the allegations of paragraph 20 of the Complaint.

### Complaint ¶ 21

ChildServ's discriminatory actions toward Ms. Simmons were willful.

### Answer ¶ 21

ChildServ denies the allegations of paragraph 21 of the Complaint, and specifically denies that it took any unlawfully discriminatory action against Plaintiff whatsoever, whether non-willful, negligent or willful.

WHEREFORE, Defendant ChildServ denies generally that the Plaintiff is entitled to any relief against it whatsoever, denies specifically that she is entitled to any of the relief itemized in subparagraphs A. through F. inclusive of her Complaint, and prays that this action against it, so wrongfully brought, be dismissed with prejudice with costs of suit taxed against the Plaintiff and an award of its attorneys' fees entered against the Plaintiff and in its favor.  Defendant ChildServ further respectfully requests such other or additional relief in its favor and against the Plaintiff as this Honorable Court deems to be fair, just and equitable in the premises.

1054733-1                                     7

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.      Without conceding that plaintiff has suffered any damages as a result of any alleged wrongdoing or discrimination by ChildServ, Plaintiff has failed to mitigate or minimize her alleged damages as required by law.

### Second Affirmative Defense

2.      Plaintiff's claims are barred, in whole or in part, by the pertinent statute of limitations.

### Third Affirmative Defense

3.      Plaintiff's claims are barred wholly or in part by her failure to exhaust administrative remedies.

### Fourth Affirmative Defense

4.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Sixth Affirmative Defense

6.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Seventh Affirmative Defense

7.      Plaintiff has failed to state a cause of action or claim upon which relief may be granted.

### Eighth Affirmative Defense

8.    ChildServ did not act willfully toward Plaintiff and acted with respect to her solely for legitimate business reasons.

WHEREFORE, Defendant ChildServ denies generally that the Plaintiff is entitled to any relief against it whatsoever, denies specifically that she is entitled to any of the relief itemized in subparagraphs A. through F. inclusive of her Complaint, and prays that this action against it, so wrongfully brought, be dismissed with prejudice with costs of suit taxed against the Plaintiff and an award of its attorneys' fees entered against the Plaintiff and in its favor.  Defendant ChildServ further respectfully requests such other or additional relief in its favor and against the Plaintiff as this Honorable Court deems to be fair, just and equitable in the premises.


Dated: May 12, 2008                              Respectfully submitted,


                                                 Defendant ChildServ


                                                 By
                                                     One of its attorneys


Nicholas Anaclerio, Jr.
UNGARETTI & HARRIS, LLP
3500 Three First National Plaza
Chicago, IL  60602-4283
Phone:  (312) 977-4400
Fax:      (312) 977-4405

1054733-1